Michael R. Marrinan (SBN 90484)
Attorney at Law
LAW OFFICES OF MICHAEL R. MARRINAN
614 Fifth Avenue, Suite D
San Diego, CA 92101
Telephone: (619) 238-6900
Facsimile: (619) 515-0505

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK STRUK,<br><br>    Plaintiff,<br><br>vs.<br><br>MICHAEL BUSH,<br>S. JIO and<br>DOES 1-20,<br><br>    Defendants. | Case No. 10 CV 0348 MMA POR<br><br>**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**<br><br>1. 42 U.S.C. § 1983–Civil Rights Violations<br>2. Negligence<br>3. False Arrest<br>4. Civil Code § 521 Civil Rights Violations |

Plaintiff alleges:

## JURISDICTION

1. This is a lawsuit for money damages and is brought pursuant to 42 U.S.C. § 1983, et seq., and Fourth Amendment to the United States Constitution, for personal injuries and violation of constitutional rights by defendant California Highway Patrol officers Michael Bush, S. Jio and DOES 1-20. Jurisdiction is founded on 28 U.S.C. Section 1331 and 1343 and the aforementioned statutory and Constitutional provisions. State claims of negligence, false arrest and Civil Code section 52.1 civil rights violations are alleged as well. Plaintiff invokes the Court's supplemental jurisdiction to consider these state law claims.

ORIGINAL

## GENERAL ALLEGATIONS

2. Plaintiff is and was at all material times mentioned herein a resident of the City of San Diego, State of California.

3. At all times mentioned herein defendants Bush, Jio and DOES 1-10 were employees of the State of California and in doing the acts hereinafter described acted within the course and scope of their employment. The acts of all defendants and each of them, were also done under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of California. The individual defendants named above and DOES 1 through 10 are sued individually and in their capacities as employees of the State of California.

4. The true names or capacities whether individual, corporate, associate or otherwise, of defendants named herein as DOES 1 through 20 are unknown to Plaintiff, who therefore sues said defendants by said fictitious names. Plaintiff will amend this complaint to show said defendants' true names and capacities when the same have been ascertained. Plaintiff is informed and believes and thereon alleges that all defendants sued herein as DOES are in some manner responsible for the acts and injuries alleged herein.

5. On or about July 2, 2009, Plaintiff filed a claim with the Victim Compensation and Government Claims Board of the State of California for the injuries alleged herein. On or about August 20, 2009 the claim was denied.

## FACTUAL ALLEGATIONS

6. On January 4, 2009, Plaintiff Mark Struk was driving his car northbound on Interstate 5 in San Diego County near Solana Beach. A friend, Elizabeth Roberts, was riding in the passenger seat.

7. As Mr. Struk was driving traffic slowed, then came to a complete stop. Five lanes were merging into two lanes. While stopped Mr. Struk and Ms. Roberts saw a damaged car and what appeared to be debris and personal belongings from an accident involving the damaged car. While in stopped traffic Mr. Struk and Ms. Roberts saw a

purse in front of the left front tire of the car just to their right. Because the purse would have been run over when traffic continued forward, Mr. Struk and Ms. Roberts wanted to insure that the owner of the purse did not lose it and that it was not damaged. Ms. Roberts stepped out of the car and picked up the purse. The traffic started moving again and Mr. Struk tossed the purse to a man who was standing beside the damaged car. (It was later determined that this man was an active-duty Marine who was helping at the accident scene.) Having no knowledge of any injuries and certainly no knowledge that anyone died in this accident, Mr. Struk thought that the man (the Marine) had been the driver or a passenger in the damaged car. Mr. Struk continued driving to his destination, knowing nothing about the details or outcome of the accident. As it turned out the purse was placed inside the damaged car which was eventually towed from the scene.

8. Two days later, on January 6, 2009, Mr. Struk was walking out of a market in San Diego when he was accosted by several people in plain clothes who identified themselves as police officers working for the California Highway Patrol. These officers included Defendant S. Jio and others whose names are unknown at this time (DOES 1-3). These defendants immediately arrested Mr. Struk, doing so upon the order of defendant Michael Bush, another officer for the Highway Patrol.

9. Although not told of this at the time, Mr. Struk was arrested for a felony, grand theft, ostensibly the purse that Ms. Roberts had picked up and was given to the man at the scene of the traffic accident two days earlier. Mr. Struk was arrested without a warrant or probable cause and based upon a grossly inadequate and faulty investigation by defendants. Mr. Struk was taken, in handcuffs, to a police substation where he was interrogated by defendant Bush. When finally asked about the purse, Mr. Struk truthfully explained exactly what had occurred two nights before regarding the purse. He also told defendant Bush that it was Ms. Roberts who was with him at the time. Defendants erroneously presumed that it was Mr. Struk's roommate who was with him at the time, and brought her in for questioning. Despite agreeing to answer the defendant officer's questions and truthfully answering all of them, Mr. Struk was not released and was

1  transported to the San Diego County Jail.  There, he was booked on the false felony
2  charge and suffered the indignities of being booked, photographed, fingerprinted,
3  searched and incarcerated in the county jail for a felony.  Mr. Struk was forced to post
4  substantial bail to secure his release from custody.

5        10. Mr. Struk later learned that officers searched his home and car after his arrest.
6  Of course, nothing unlawful was found nor anything related in any way to the allegedly
7  stolen purse.

8        11. Over the next hours and days, defendants began to publicize Mr. Struk's arrest
9  to the media.  Unknown to Mr. Struk at the time, the accident which he came upon on
10  January 4, 2009 was a hit-and-run accident which resulted in the death of a pregnant
11  woman.  Rather than conducting a thorough and proper investigation *before* making an
12  arrest, Defendants arrested Mr. Struk without probable cause and bragged about it to the
13  media, falsely portraying Mr. Struk as one who had committed the unconscionable act of
14  stealing the purse of a pregnant woman who had been tragically killed in a car accident.
15  As a result, Mr. Struk was vilified in the media, despite the fact that he and Ms. Roberts
16  were acting as good, responsible citizens by removing the purse from the freeway and
17  attempting to insure that it was returned to its rightful owner.  Had defendants simply
18  asked the men who were at the scene about the purse or checked the inside of the victim's
19  car *before* making an arrest they would have located the purse and realized that no crime
20  had been committed by Mr. Struk.

21        12. It was only after Mr. Struk's erroneous arrest that defendants spoke to the
22  young Marine who had been given the purse by Mr. Struk when he, after seeing the
23  erroneous media reports, reported that Mr. Struk had, in fact, delivered the purse to him at
24  the scene of the accident.  It was only at that point that defendants searched the victim's
25  car and located the purse, things that clearly should have been done before Mr. Struk was
26  arrested.  Ultimately, all charges against Mr. Struk were dismissed.  Later, a Superior
27  Court judge decreed him to be factually innocent of the charge.

28        13. As a result of this false arrest and the media attention instigated by defendants,

Mr. Struk was injured in mind and body. Mr. Struk suffered severe emotional distress from being falsely arrested in a public place in full view of other citizens. He also suffered severe emotional distress as a result of being booked, photographed, strip-searched and incarcerated in the county jail. Mr. Struk was forced to spend thousands of dollars posting bail and retaining an attorney to defend the false charges and prepare the motion which resulted in the finding of factual innocence. Further, Mr. Struk suffered severe emotional distress and damage to his reputation as a result of the media attention which was instigated by defendants and caused Mr. Struk's name and photograph to be on television and in the newspapers as a despicable person who had stolen the purse of a pregnant woman who was tragically killed in a hit and run traffic accident. Indeed, defendants appeared to spend more time and energy destroying Mr. Struk's reputation in the media than that of the person who caused the accident and fled the scene.

14. As a further result of this false arrest Mr. Struk incurred time and money defending himself from these false charges and attempting to restore his damaged reputation. He also incurred lost time from work, lost earnings and lost earning capacity as a result of the acts of defendants.

## FIRST CAUSE OF ACTION

[42 U.S.C. § 1983 Constitutional Violation --

Unlawful Seizure]

15. Plaintiff realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 14 above as though fully set forth herein.

16. As a result of the acts alleged above, particularly the unlawful arrest described above, Plaintiff was falsely arrested and thus unlawfully seized by Defendants without a warrant or probable cause. Thus, Plaintiff suffered a false arrest and unlawful seizure in violation of his constitutional rights as guaranteed by the Fourth Amendment to the United States Constitution. As a result, Plaintiff is entitled to damages pursuant to Title 42 U.S.C. § 1983, et seq. in an amount to be proven at trial.

17. As a proximate result of the acts alleged above, Plaintiff was injured in mind

and body and suffered the injuries and damages described in paragraphs 13 - 14 above. Plaintiff is therefore entitled to general and compensatory damages in an amount to be proven at trial.

18. In committing the acts alleged above, Defendants Bush, Jio and DOES 1-5 acted maliciously and/or were guilty of a wanton and reckless disregard for the rights, feelings and safety of Plaintiff, and by reason thereof Plaintiff is entitled to exemplary and punitive damages in an amount to be proven at trial.

## SECOND CAUSE OF ACTION
### [Negligence]

19. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 18 above as though fully set forth herein.

20. By the acts alleged above, Defendants were negligent and breached their duty of due care owed to plaintiff, thereby causing the injuries and emotional distress described in the Factual Allegations and First Cause of Action, and the damages described in paragraphs 13 and 14 above. Plaintiff is therefore entitled to general and compensatory damages in an amount to be proven at trial.

## THIRD CAUSE OF ACTION
### [False Arrest]

21. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 20 above as though fully set forth herein.

22. By the acts alleged herein, particularly the act of arresting Plaintiff without a warrant or probable cause, Plaintiff was falsely arrested, entitling him to damages pursuant to California law.

23. As a result of these acts Plaintiff suffered the injuries and damages described in paragraphs 13 and 14 above, entitling him to damages in an amount to be proven at trial.

24. In committing the acts alleged above, Defendants Bush, Lio and DOES 1-5 acted maliciously and/or were guilty of a wanton and reckless disregard for the rights and

feelings of plaintiff, and by reason thereof plaintiff is entitled to exemplary and punitive damages in an amount to be proven at trial.

### FOURTH CAUSE OF ACTION

[Civil Code section 52.1 Civil Rights Violations]

25. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 24 above as though fully set forth herein.

26. The acts alleged above, particularly the act of false arrest described above, constituted an unlawful seizure in violation of the Fourth Amendment, as well as a violation of Plaintiff's right against unreasonable seizures as guaranteed by the California Constitution. These acts were committed through threats, intimidation and/or coercion. Therefore, Plaintiff is entitled to damages pursuant to California Civil Code section 52.1(b).

27. By reason of the acts of defendants and each of them alleged above, Plaintiff suffered the injuries and damages alleged in paragraphs 13 and 14 above. Plaintiff is therefore entitled to general and compensatory damages against defendants and each of them in an amount to be proven at trial.

28. In committing the acts alleged above, defendants Bush, Lio and DOES 1-5 acted maliciously and oppressively and by reason thereof Plaintiff demands exemplary and punitive damages in an amount to be proven at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against defendants and each of them as follows:

1. For general and compensatory damages against defendants and each of them in an amount to be proven at trial;

2. For exemplary and punitive damages against Defendants Bush, Jio and DOES 1-10 only, in an amount to be proven at trial;

3. For costs of suit herein, including reasonable attorneys fees; and

///

1     4. For such other relief as the Court deems proper.

2 Dated: February  12 , 2010

3

4                                         MICHAEL R. MARRINAN
                                        Attorney for Plaintiff

5

6     Plaintiff hereby requests a jury trial in this action.

7 Dated: February  12 , 2010

8                                         MICHAEL R. MARRINAN
9                                         Attorney for Plaintiff

**JS 44** (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
MARK STRUK

**DEFENDANTS**
MICHAEL BUSH, S. JIO and DOES 2-20

(b) County of Residence of First Listed Plaintiff: **San Diego**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant:
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**'10 CV 0348   MMA POR**

(c) Attorney's (Firm Name, Address, and Telephone Number)
Michael R. Marrinan (SBN 90484)   619-238-6900
614 Fifth Ave., Ste. D   San Diego, CA 92101

Attorneys (If Known)

FILED
2010 FEB 12 AM 11:08
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | | ☐ 530 General | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| | / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | ☒ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
**42 U.S.C. Section 1983-Civil Rights Violations**
Brief description of cause: **False Arrest**

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ **Damages according to proof**
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: **1/12/10**
SIGNATURE OF ATTORNEY OF RECORD: _Michael M____

**FOR OFFICE USE ONLY**

RECEIPT # **1077**  AMOUNT **$350**  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

PD 02-12-10

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS010177
Cashier ID: mbain
Transaction Date: 02/12/2010
Payer Name: MICHAEL R MARRINAN
----------------------------------
CIVIL FILING FEE
 For: STRUK V BUSH
 Case/Party: D-CAS-3-10-CV-000348-001
 Amount:        $350.00
----------------------------------
CHECK
 Check/Money Order Num: 2495
 Amt Tendered: $350.00
----------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00


There will be a fee of $45.00
charged for any returned check.
```